Kidder Township, Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

Argued February 5, 1979, before Judges ROGERS, DISALLE and MACPHAIL, sitting as a panel of three.

*John F. Gibbons,* for petitioner.

*Keith Welks,* Assistant Attorney General, for respondent.

Opinion by Judge Rogers, March 23, 1979:

On March 21, 1972, the Pennsylvania Department of Environmental Resources (DER) issued two orders directed to Kidder Township, Carbon County. One order required the Township to submit a plan to construct and operate sewerage facilities in the drainage basin of Lake Harmony; to submit an application for the permit necessary to construct and operate the sewers; to begin construction of the facilities no later than June 1, 1974; and to complete them within fifteen months thereafter. The second order directed Kidder Township to negotiate with and enter into agreements with East Side Borough to select an engineer and to construct and operate sewerage facilities in certain described areas of East Side Borough and in the Black Lick Creek and Bishing Creek drainage basins; to submit, jointly with East Side Borough, a plan to construct and operate sewerage facilities for the areas named; to submit applications for permits;

to begin construction no later than July 1, 1973; and to complete construction within fifteen months thereafter. Both orders fully explained the Township's right to appeal the orders to the Environmental Hearing Board. The Township did not appeal either order.

Kidder Township formed the Western Poconos Municipal Authority to provide for the funding and financing of the projects required by the March 21, 1972 orders. The Authority applied to the Department of Environmental Resources for and received a Water Quality Management Permit which authorized the construction of a sewerage treatment system in Kidder Township and parts of East Side Borough. The Authority thereupon applied for and received a grant offer from the United States Environmental Protection Agency for the construction of the facilities described in the Water Quality Management Permit in the amount of $9,164,170 and in addition a grant of $610,945 under the Appalachian Development Act of 1965. With commendable frankness the Township's counsel agreed at oral argument that the Township had employed the engineer who designed the system described in the Authority's proposal and that the supervisors were not unfamiliar with the Authority's proposal when filed or with the Water Quality Management Permit. The fact is that neither the Authority nor the Township raised any question of the propriety of the Permit when it was issued in May 1976.

The present litigation concerns a DER order issued December 21, 1976 which, after reciting the facts that DER had issued the Water Quality Management Permit to the Authority, that grant offers amounting to almost ten million dollars had been made, and that pollution and public health nuisance existed in Kidder Township and East Side Borough as the result of the discharge of untreated or inadequately treated sewer-

age, ordered the Authority to construct and operate the sewerage facilities described in the Water Quality Management Permit.

The Authority appealed DER's order to the Environmental Hearing Board (EHB). Although the order was not directed to the Township, it also filed an appeal and in addition a petition to intervene.[1] EHB set the matter down for argument of counsel only after hearing which sustained DER's order on the merits and without allowance of an evidentiary hearing.

The Authority raised but one issue below—that because East Side Borough declines to enter into an agreement, the provision of the order that it, the Authority, should enter into such an agreement is beyond the power of DER to compel and is therefore unlawful. EHB correctly concluded that this contention was not a meritorious defense to the order and properly dismissed the Authority's appeal on the authority of *Commonwealth v. Derry Township,* 466 Pa. 31, 351 A.2d 606 (1976).

The Township raised two questions in addition to the one raised by the Authority just described. It contended that the order was invalid because the Township does not have enough money to construct the facility described in the Water Quality Management Permit. This may prove to be a defense to a citation for contempt for failing to obey one or more of DER's orders, but it is no defense on the merits of

---

[1] It is not clear how EHB viewed the Township's status. Language in its opinion implies that intervention should be refused because the Township failed to appeal the DER orders of March 1972 directed to the Township. EHB's discussion of the questions raised by the Township and its dismissal of the Township's "appeal" suggests that intervention was allowed. We have dealt with all of the questions raised by the Township, although some were not raised by the Authority.

the order, as EHB correctly decided on the authority of *Ramey Borough v. Department of Environmental Resources,* 466 Pa. 45, 351 A.2d 613 (1976). The Township's final attack on the order was based on the assertion that the project it had helped plan is in fact larger and presumably more expensive than would be required to cure Kidder Township's sewerage disposal problems. EHB concluded that, assuming that the Township's assertion to be true, its remedy was not to attack the DER's order that the Authority comply with permits issued on its own application, but to "initiate and submit to the department revisions" of the plan, as allowed by Section 5(a) of the Pennsylvania Sewage Facilities Act, Act of Jan. 24, 1966, P.L. (1965) 1535, *as amended,* 35 P.S. §750.5(a). We agree.

Order affirmed.

### ORDER

AND Now, this 23rd day of March, 1979, the Order of the Environmental Hearing Board appealed from dated November 16, 1977 is affirmed.